UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1-20-CV-51

DANNY BERNARD PEARSON,

Plaintiff,

vs.

CHARLES S. MCDONALD, Sheriff of Henderson County in his individual and official capacity; DEPUTY SHERIFF TODD MCCRAIN, in his individual and official capacity; DEPUTY SHERIFF THOMAS HARPER, in his individual and official capacity; other unknown/unidentified agents of the Henderson County Sheriff, in their individual and official capacities; and THE OHIO CASUALTY INSURANCE COMPANY, a Subsidiary of LIBERTY MUTUAL, INC.,

Defendants.

**MOTION FOR ENTRY OF CONSENT PROTECTIVE ORDER**

The parties, by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to facilitate expeditious discovery and exchange of information and documents in the above-captioned matter, to protect the interests of the parties in their confidential or sensitive information, and to protect the dissemination and/or disclosure of such information and documents and other sensitive information in accordance with Federal Rules of Civil Procedure 26(c), move the Court for an order to govern the handling and disclosures of

all materials produced, given, or filed herein by the parties and designated as "Confidential Information."

In support of their motion, the parties have attached hereto a proposed Consent Protective Order.

WHEREFORE, the parties jointly move that the Court approve and enter the attached Consent Protective Order.

This the 23rd day of July, 2020.

/s/ Paul L. Bidwell
PAUL LOUIS BIDWELL (NCSB No. 12868)
plbparalegal@bidwellwaltersattorneys.com
Bidwell & Walters, PA
207 Hillside Street
Asheville, North Carolina 28801
Counsel for Plaintiff

/s/ James E. Ferguson, II
JAMES E. FERGUSON, II (NCSB No. 1434)
fergietwo@aol.com
Ferguson, Chambers & Sumter, PA
309 E. Morehead Street, Suite 110
Charlotte, North Carolina 28202
Counsel for Plaintiff

/s/ Sean F. Perrin
SEAN F. PERRIN (NCSB No.22253)
sean.perrin@wbd-us.com
Michael A. Ingersoll (NCSB No.52217)
Mike.Ingersoll@wbd-us.com
301 S. College St., Suite 3500
Charlotte, North Carolina 28202
Attorney for Defendants Charles S. McDonald, Todd McCrain, Thomas Harper in his official Capacity, the Ohio Casualty Insurance Company, Liberty Mutual, Inc.

/s/ Patrick H. Flanagan
PATRICK H. FLANAGAN (NCSB No. 1740
phf@cshlaw.com
Cranfill Sumner & Hartzog LLP
2907 Providence Road, Suite 200
Charlotte, North Carolina 28202
Attorney for Thomas Harper in his
individual capacity

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1-20-CV-51

DANNY BERNARD PEARSON,

Plaintiff,

v.

CHARLES S. MCDONALD, Sheriff of Henderson County in his individual and official capacity; DEPUTY SHERIFF TODD MCCRAIN, in his individual and official capacity; DEPUTY SHERIFF THOMAS HARPER, in his individual and official capacity; other unknown/unidentified agents of the Henderson County Sheriff, in their individual and official capacities; and THE OHIO CASUALTY INSURANCE COMPANY, a Subsidiary of LIBERTY MUTUAL, INC.,

Defendants.

**CONSENT PROTECTIVE ORDER**

**THIS CAUSE** coming on to be heard before the undersigned United States District Judge presiding over the United States District Court for Western North Carolina, Asheville Division; the Plaintiff being represented by James E. Ferguson II and Paul Louis Bidwell and Defendants Charles S. McDonald, Todd McCrain, Thomas Harper in his official capacity, The Ohio Casualty Insurance Company, and Liberty Mutual, Inc., being represented by Sean F. Perrin and Michael A. Ingersoll and Defendant Thomas Harper in his individual capacity being represented by Patrick H. Flanagan, on the issue of a protective order, and the parties waiving any necessary findings of fact and conclusions of law, request the court to enter the below as a formal Order of the Court with the consent of the parties:

1. That the parties are engaged in the above-captioned litigation in which discovery has been or may be sought that may cause unreasonable annoyance, embarrassment,

oppression, or undue burden or expense as set forth in Rule 26(c) of the Federal Rules of Civil Procedure.

2. The purpose of this Consent Protective Order is to facilitate expeditious discovery and exchange of information and documents in the above-captioned matter, to protect the interests of the parties and their business associates in their confidential or sensitive information, and to protect the dissemination and/or disclosure of such information and documents and other sensitive information in accordance with Federal Rules of Civil Procedure 26(c).

3. Any party may designate as "Confidential" information in any form that is produced, disclosed or otherwise provided during discovery or other exchange of information in this matter because it: (a) contains non-public financial information not previously disclosed or disseminated outside the client or its counsel; (b) contains private or privileged information which may be used by others to the prejudice of the disclosing party; or (c) contains information which the producing party is otherwise required to maintain as confidential.

4. Documents designated as "Confidential" shall be stamped "Confidential." "Confidential" information, other than documents, shall be clearly designated as "Confidential" at the time of disclosure or in writing from the attorney for the party claiming confidentiality, within ten (10) days following receipt of the transcript or other document that formally memorializes the information.

5. "Confidential" information shall be used solely for the purpose of resolving this dispute, and not in any other litigation, and not for any other purpose. "Confidential" information may not be disclosed to anyone unless expressly provided for herein.

6. A party may not, without any waiver of "Confidential" status, disclose to any person "Confidential" information.

7. A party may disclose "Confidential" information of which it is not the source as follows:

    a. <u>During Settlement Discussions:</u>

        i. "Confidential" information may be used in formulating written offers of settlement.

        ii. "Confidential" information may be shown to the employees and members of the law firms of counsel of record who are providing assistance to counsel in the evaluation and investigation of this matter.

        iii. "Confidential" information may be disclosed, to experts and independent consultants engaged by counsel of record, and to employees of such

experts or consultants.

iv. “Confidential” information may be disclosed to any other person if the parties agree after conferring in good faith and agreeing that the person may have access to the “Confidential” information.

b. <u>During Litigation:</u>

i. “Confidential” information may be used in taking testimony at or in defending, any deposition, hearing or trial in this action, or in any argument of counsel of either party.

ii. “Confidential” information may be used in any oral or written argument in the case by counsel for either party.

iii. “Confidential” information may be shown by counsel for either party to any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, after they have signed a non-disclosure, agreement, and at any deposition, hearing or trial.

iv. “Confidential” information may be disclosed to the Court and its personnel, including court reporters.

v. “Confidential” information may be disclosed to employees and members of the law firms of counsel of record for either party (including in-house counsel for the parties and employees acting on their behalf).

vi. “Confidential” information may be disclosed to experts and independent consultants engaged by counsel of record for either party, and to employees of such experts or consultants, after they have signed a non-disclosure agreement.

vii. “Confidential” information may be disclosed to all parties, including officers, directors, and employees of the parties, both present and former, who are providing assistance to counsel for either party in the prosecution and/or defense of this matter.

viii. “Confidential” information may be disclosed to any other person if (i) the parties agree after conferring in good faith that the person may have access to “Confidential” information; or (ii) the Court orders upon Motion with good cause that the person may have access to “Confidential” information.

8. If it becomes necessary for a party to file “Confidential” information with the Court, either directly or as a part of another paper, the party shall, pursuant to consent order, file the papers in a sealed container labeled substantially as follows:

**PROTECTED DOCUMENT -- FILED UNDER SEAL**

**The enclosed materials are subject to a Consent Protective Order. This container shall not be opened by any person other than the Court, the Court's personnel, or Counsel of Record, without Court Order.**

9. The Clerk of the Court shall accept for filing under seal, and shall file under seal, any information so presented for filing, and shall maintain the material under seal pending any further order of the Court; provided, however, that no further order shall be required for the Court, the Court's personnel, or Counsel of Record to have access to the material in the ordinary course of business and/or for purposes of this litigation.

10. Counsel of record shall retain throughout this litigation the non-disclosure agreements executed by parties receiving "Confidential" information pursuant to this Protective Order, and shall then exchange them upon request either at the conclusion of settlement discussions or at the conclusion of the litigation.

11. At the conclusion of this matter, every one other than counsel of record to whom "Confidential" information has been disclosed shall return that information to the counsel of record who disclosed it; counsel of record shall then arrange for the return of all "Confidential" information and all copies thereof to the party that designated the information as "Confidential", or shall, at the option of the designating party, arrange for the information and all copies thereof to be destroyed, except that the attorneys of record may maintain such records for so long as the North Carolina State Bar requires. Upon request, counsel of record shall certify in writing that they have complied with this Paragraph. If requested to do so by the counsel of record who disclosed "Confidential" information to them, persons other than counsel of record to whom "Confidential" information has been disclosed also shall certify in writing that they have complied with this Paragraph.

12. Nothing herein shall affect the right of any party to seek greater protection than that provided for herein for any information.

13. If a party believes at any time that a designation of any document or information as "Confidential" is unwarranted, that party shall so inform the designating party in writing and provide all reasons for the objection. On receiving such written objection, the parties shall negotiate in good faith and use their best efforts to resolve their differences. If the dispute cannot be resolved, the designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of such written objection, and the failure to do so shall constitute a termination and waiver of the "Confidential" status of such item. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

14. This Agreement shall continue in force after the completion of this litigation.

15. This Agreement shall not prohibit a party from disclosing "Confidential" information in response to a subpoena duly served on the party, provided that the subpoenaed

party notifies the designating party, in writing, prior to disclosure and within two (2) business days of receipt of the subpoena, to allow the designating party the opportunity to object or respond to the subpoena, and further provided that the subpoenaed party shall not disclose the "Confidential" information prior to the later of the conclusion of ten (10) days after notice of the subpoena to the designating party, or the time in which the Court rules on any motion objecting to the subpoena filed by the designating party within such ten (10) day period.

16. In entering into this Agreement, the parties preserve all rights and objections they may have to the use of such documents designated as "Confidential" information, in any lawsuit arising as a result of failed settlement discussions.

17. This Agreement may be executed in counterparts each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

18. Nothing shall be regarded as "Confidential" information if it is information that either (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the receiving party; or (c) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

19. Where disputes arise as to the applicability of this Order to any information produced by the parties or other non-parties, such disputes shall be resolved, if possible, by agreement of the parties to this action. If, after consultation, the parties cannot reach an agreement to resolve such dispute, the Court, on motion by either party, will consider the dispute and rule accordingly. Disclosure shall not occur when a dispute arises until the Court has sustained any challenge to the confidentiality of the document in question. The prevailing party in such a motion shall be entitled to attorney's fees and expenses incurred in connection with the same.

20. The terms of this order are subject to modification, extension or limitation as may be agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

SO ORDERED this the ____day July, 2020.

______________________________________

UNITED STATES DISTRICT JUDGE PRESIDING

CONSENTED TO:

PAUL LOUIS BIDWELL (NCSB No. 12868)
plbparalegal@bidwellwaltersattorneys.com
Bidwell & Walters, PA
207 Hillside Street
Asheville, North Carolina 28801
Counsel for Plaintiff

JAMES E. FERGUSON, II (NCSB No. 1434)
fergietwo@aol.com
Ferguson, Chambers & Sumter, PA
309 E. Morehead Street, Suite 110
Charlotte, North Carolina 28202
Counsel for Plaintiff

SEAN F. PERRIN (NCSB No.22253)
sean.perrin@wbd-us.com
Michael A. Ingersoll (NCSB No.52217)
Mike.Ingersoll@wbd-us.com
301 S. College St., Suite 3500
Charlotte, North Carolina 28202
Attorney for Defendants Charles S. McDonald, Todd McCrain, Thomas Harper in his official Capacity, the Ohio Casualty Insurance Company, Liberty Mutual, Inc.

PATRICK H. FLANAGAN (NCSB No. 17407)
phf@cshlaw.com
Cranfill Sumner & Hartzog LLP
2907 Providence Road, Suite 200
Charlotte, North Carolina 28202
Attorney for Thomas Harper in his individual capacity